*NOT FOR PUBLICATION*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WILLIAM DAVID BUSH**, Plaintiff, v. **CLOVER STORNETTA, INC., ET AL.**, Defendants. | Case No. 4:21-cv-03066-YGR **ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; ORDER DISMISSING CASE WITH PREJUDICE** Re: Dkt. Nos. 6, 8 |

The Court has reviewed Magistrate Judge Sallie Kim's Report and Recommendation (Dkt. No. 6, Report and Recommendation, "Report") recommending dismissal of this case with prejudice because it fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. section 1915(e). In accordance with Federal Rule of Civil Procedure 72, objections were due on or before June 1, 2021. A document was filed on May 26, 2021 by *pro se* plaintiff William David Bush, which the Court construes as an objection. (Dkt. No. 8.) Even after a review of this document, and for the reasons stated in the Report and below, the Court **ADOPTS** Magistrate Judge Kim's Report.

Mr. Bush filed his complaint on April 26, 2021, suing defendants Clover Stornetta, Inc. ("Clover"), Safeway, Inc, the United States Department of Health and Human Services, and the United States Department of Food and Drug Administration. (Dkt. No. 1.) The complaint alleges that Clover's milk is "deceptively marketed as Organic Dairy Milk, swindling the public into the belief that the blended semblance product containing in part ultra-pasteurized dairy milk, is actual organic dairy milk." (*Id.* at 3.) Mr. Bush contends that Clover's products violate 21 U.S.C. section 61, *et. seq.*, the Federal Filled Milk Act, and requests an injunction to enforce these federal law sections. (*Id.* at 4-6.)

1         On May 4, 2021, Magistrate Judge Kim issued a Screening Order pursuant to 28 U.S.C.
2   section 1915(e), which requires the screening of complaints where individuals are proceeding *in*
3   *forma pauperis*.  (*See* Dkt. No. 4 (Screening Order); *see also* Dkt. No. 3 (motion for leave to
4   proceed *in forma pauperis*).)  Magistrate Judge Kim found that the court lacked subject matter
5   jurisdiction in light of the allegations in the complaint.  (Dkt. No. 4. at 2-3.)  Specifically,
6   Magistrate Judge Kim noted that there is no diversity jurisdiction where: (1) Mr. Bush is a
7   California resident, and Clover has its principal place of business in Petaluma, California; and
8   (2) there are no allegations that the amount in controversy totals more than 75,000.  (*Id.* at 2.)
9   Moreover, Magistrate Judge Kim found that there was no federal question jurisdiction, because the
10  cited sections under the Filled Milk Act, while prohibiting the manufacture of certain filed milk
11  products, "does not create a private cause of action allowing an ordinary citizen to bring suit
12  against a defendant who allegedly violates the statute."  (*Id.* at 3.)  "Rather, 21 U.S.C. [section] 64
13  . . . provides that '[t]he Secretary of Health and Human Services is authorized and directed to
14  make and enforce such regulations as may in his judgment be necessary to carry out the purposes
15  of this chapter.'"  (*Id.* (quoting 21 U.S.C. § 64).)  Even construing the complaint liberally in light
16  of Mr. Bush's *pro se* status, Magistrate Judge Kim found that it failed to state a federal claim.
17  Thus, Mr. Bush was ordered to file an amended complaint to determine whether he could state a
18  viable federal claim.
19        On May 10, 2021, Mr. Bush filed his amended complaint.  In this amended complaint, Mr.
20  Bush asserts that federal question jurisdiction is premised on 5 U.S.C. section 552, which falls
21  under the Freedom of Information Act ("FOIA"), and which he describes as relating to "agency
22  enforcement requests."  (Dkt. No. 5 at 1.)   Mr. Bush further alleges that he "has made many
23  attempts to contact the Secretary of Health and Human services beginning and since July of 2019,"
24  and that the government has only responded to remark that "the issue has been forwarded to their
25  internal Ombudsman for resolution."  (*Id.* at 4.)  Mr. Bush also asserts that the lack of a further
26  response in the form of an opinion, rule or order is a violation of FOIA.  (*Id.*)  Despite these new
27  references to FOIA, Mr. Bush's request for an injunction is still premised on enforcing the Milk
28  Filler Act.  (*Id.* at 7.)

1		Magistrate Judge Kim considered the foregoing and recommended that the case be
2	dismissed because Mr. Bush failed to demonstrate that there was federal question jurisdiction.
3	(Dkt. No. 6.)  Specifically, Magistrate Judge Kim noted that "[a]ny Department of Health and
4	Human Services decision regarding how to handle Plaintiff's complaint about filled milk would
5	not itself run afoul of FOIA, which regulates government agencies' disclosure of their internal
6	information and processes, not the decisions themselves." (*Id.* at 2.)  Further, Magistrate Judge
7	Kim stated that Mr. Bush did "not claim that the Any Department of Health and Human Services
8	failed to respond to any FOIA request," and that the "amended complaint therefore does not
9	establish any basis for this Court's jurisdiction." (*Id.*)  Thus, Magistrate Judge Kim ordered that
10	the case be reassigned to a district court judge and recommended that the action be dismissed with
11	prejudice.
12		This Court was reassigned the Report on May 19, 2021.  (Dkt. No. 7.)  On May 26, 2021,
13	within the time frame allowed for objections, Mr. Bush filed a document titled "Code Correction
14	Notice to Prior Pleading." (*See* Dkt. No. 8.)    In this document, Mr. Bush asserts that jurisdiction
15	is appropriate not under section 552, but rather under 5 U.S.C. section 551(13), which is under the
16	Administrative Procedure Act ("APA").  The remainder of the document contains the substance of
17	the complaint with the correction of section 552 to section 551(13) under the APA.
18		The Court construes Mr. Bush's pleadings liberally, as he is proceeding *pro se*.  *See*
19	*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed .
20	. . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than
21	formal pleadings drafted by lawyers[.]" (internal quotation marks omitted)).  The standards for
22	evaluating whether a complaint states a viable cause of action are well known and not in dispute.
23		Even liberally considering the new document filed by Mr. Bush as a second amended
24	complaint, Mr. Bush does not persuade that there is federal question jurisdiction under the APA.
25	"As a general matter, district courts are empowered to review agency action by the [APA], 5
26	U.S.C. § 551 . . . [b]ut for a court to hear a case like this pursuant to the APA, there must be '*final*
27	*agency action* for which there is no other adequate remedy in a court.'" *Mamigonian v. Biggs*, 710
28	F.3d 936, 941 (9th Cir. 2013) (emphasis in original) (quoting 5 U.S.C. § 704).  Subject matter

3

jurisdiction is thus lacking where an agency has yet to render any final decision. *Id.* Moreover, the definition of "failure to act" is coextensive with the inquiry under section 706(1) of agency action entitled "unlawfully withheld." Such a claim "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004).

Here, Mr. Bush fails to show in this newly filed document that there has been either (1) a final agency action sufficient for the APA, or (2) that the agency action that he requests has been unlawfully withheld. This is so where United States Supreme Court has held that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler v. Cheney*, 470 U.S. 821, 831 (1985). That doctrine makes clear that, absent an unmistakable command from Congress directing how an agency will exercise its enforcement authority, "an agency refusal to institute proceedings is a decision committed to agency discretion by law within the meaning of [the APA]." *See id.* at 835 (citation omitted). Moreover, the Court highlights that section 64 of the Filled Milk Act expressly provides that the "Secretary of Health and Human Services is authorized and directed to make and enforce such regulations *as may in his judgment be necessary to carry out the purposes of this chapter*." 21 U.S.C. § 64 (emphasis supplied). Thus, the Court concludes that Mr. Bush has failed to demonstrate the existence of federal question or subject matter jurisdiction.

The Court has otherwise reviewed the Report carefully. The Court finds the Report correct, well-reasoned, and thorough, and **ADOPTS** it in every respect with the above discussion incorporated as to Mr. Bush's newly raised APA claim.

Accordingly, and for the reasons set forth in the Report: this case is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. This Order terminates the case and Docket Number 6. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: June 14, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**

4